UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES P. LEMON,

                              *Plaintiff*,

    v.

JOHN DOE (1), JOHN DOE (2), SGT.
ANTHONY, *and* JOHN DOE (4),

                              *Defendants*.

No. 23-CV-4698 (KMK)

<u>ORDER & OPINION</u>

<u>Appearances</u>:

James P. Lemon
*Pro Se Plaintiff*

Michael Kennedy Burke, Esq.
John J. Walsh, II, Esq.
Paul Edward Svensson, Esq.
Hodges Walsh & Burke LLP
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      James P. Lemon ("Plaintiff"), proceeding pro se, brings this Action against John Doe (1),

John Doe (2), John Doe (4), and Sgt. Anthony ("Anthony") (collectively, "Defendants"),

alleging violations of his Constitutional rights.  (*See* Compl. (Dkt. No. 1).)  Before the Court is

Defendants' Motion to Dismiss (the "Motion") for failure to prosecute pursuant to Federal Rule

of Civil Procedure 41(b).  (*See* Not. of Mot. (Dkt. No. 35).)  For the reasons below, the Motion is

granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from the Complaint and are assumed true for the purposes of resolving the instant Motion.  *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

Plaintiff alleges that, on an unspecified date, Anthony "punched [Plaintiff] in the face," knocked [him] unconscious, and hogtied him "from ankles and wrist" with cuffs.  (*See* Compl. 5.)  Further, Plaintiff alleges he was "[h]it with [a] stun[] gun" in his hip and groin area, "dragged between cars" and sexually assaulted.  (*Id.*)  Plaintiff alleges that three to five witnesses observed the incident.  (*Id.* 5.)  At some point, Plaintiff lost consciousness.  (*See id.*)  Plaintiff then regained consciousness long enough to see that he was handcuffed to a stretcher.  (*Id.*)  When Plaintiff next regained consciousness, he was in "Northern Westchester Hospital."  (*Id.*)

Plaintiff asserts that "all" of his constitutional rights were violated, and that his "hip, right knee, face, genital area, wrist, [and] ankles" were injured.  (*Id.* 2, 6.)

### B.  Procedural Background

On June 2, 2023, Plaintiff initiated this Action.  (*See* Compl.)  On January 17, 2024, the Court held the initial pre-trial conference and filed a case management and scheduling order.  (*See* Dkt., minute entry dated Jan. 17, 2024; Dkt. No. 18.)  The Action was referred to Magistrate Judge McCarthy.  (*See* Dkt. No. 19.)  On April 11, 2024, Judge McCarthy held a status conference at which she directed the Parties to provide certain discovery to each other.  (*See* Dkt., minute entry dated Apr. 11, 2024.)  Judge McCarthy held another status conference on June 11, 2024, at which Plaintiff did not appear.  (*See* Dkt., minute entry dated June 11, 2024.)  Judge McCarthy directed Plaintiff to provide a letter by June 21, 2024, explaining his failure to appear and ordered Plaintiff to comply with his April 11, 2024, discovery obligations.  (*See* Dkt. No.

26.)  Judge McCarthy also noted that Plaintiff's failure to follow Court orders or to appear at the next status conference may result in dismissal of the Action for failure to prosecute.  (*Id.*)  Judge McCarthy held a further status conference on July 18, 2024, but Plaintiff again did not appear. (*See* Dkt., minute entry dated July 18, 2024.)

On September 26, 2024, the Court set a briefing schedule on Defendant's Motion to Dismiss.  (*See* Dkt. No. 34.)  On October 16, 2024, Defendants filed the Motion.  (*See* Dkt. Nos. 35–38.)  Plaintiff's response was due November 12, 2024.  (*See* Dkt. No. 34.)  On November 13, 2024, Plaintiff filed a letter dated November 8, 2024, requesting a 90-day extension to the deadline because Plaintiff was in a long-term rehabilitation program.  (*See* Dkt. No. 39 at 3.) Plaintiff also noted that he had given his sister, Diana E. Lemon ("Diana"), power of attorney and that he and Diana were in the process of securing counsel.  (*Id.*)  On April 9, 2025, the Court directed Plaintiff to respond to Defendant's Motion by no later than May 7, 2025, and noted that failure to do so may result in the Court deeming the Motion fully briefed.  (*See* Dkt. No. 40.)  On May 16, 2025, Diana filed a letter dated May 7, 2025, on Plaintiff's behalf.  (*See* Dkt. No. 41.) Diana requested that the Court deny Defendant's Motion or hold a decision in abeyance for 60 days to allow Plaintiff "a final opportunity to secure legal representation."  (*See id.* 1–2.)  On May 21, 2025, the Court noted that a power of attorney does not entitle Diana to prosecute this Action on Plaintiff's behalf and gave Plaintiff 30 days to secure counsel.  (*See* Dkt. No. 42 at 1.) The Court stated that failure to secure counsel or otherwise communicate with the Court by June 18, 2025, may result in the Court deeming Defendants' Motion fully submitted.  (*Id.*)  As of July 9, 2025, neither Plaintiff nor Diana had communicated with the Court.  Accordingly, the Court deemed the Motion fully briefed on July 9, 2025.  (*See* Dkt. No. 43.)  *See Mayo v. Reid*, No. 23-CV-9719, 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (deeming a motion fully submitted

after plaintiff had received ample notice of its submission); *Peachey v. Zayaz*, No. 23-CV-6409, 2024 WL 4932527, at *1 n.2 (S.D.N.Y. Dec. 2, 2024) (stating that failing to file opposition by a certain date would deem the motion fully submitted).

## II.  Discussion

Defendants move for dismissal of the Complaint for failure to prosecute and not for failure to state a claim.  (*See* Defs' Mem. in Supp. of Mot. to Dismiss (Dkt. No. 37) 1.)  This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *Id*. While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "'harsh remedy' . . . reserved for 'extreme situations.'"  *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) (quoting *Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).  The Second Circuit has further cautioned that pro se litigants should be afforded "special solicitude" that "includes leniency in the application of procedural rules."  *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning."  *Phillips v. White Plains Hosp.*, No. 23-CV-11326, 2025 WL 1745850, at *1 (S.D.N.Y. June 24, 2025) (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions.

*Crispin v. Roach*, No. 24-CV-460, 2025 WL 1364089, at *1 (2d Cir. May 12, 2025) (summary order) (quoting *Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176, 177 (2d Cir. 2008)). "No single factor is dispositive." *Wade v. Nassau Cnty.*, 674 F. App'x 96, 97 (2d Cir. 2017) (summary order) (citing *Drake*, 375 F.3d at 254).

The Court concludes that these factors weigh in favor of dismissal of the Action. First, as the Court has previously noted, Diana is not permitted to prosecute this Action on Plaintiff's behalf. (*See* Dkt. No. 42.) Plaintiff himself has therefore failed to substantively engage with the Court since April 11, 2024. (*See generally* Dkt.) This delay of over 13 months is far longer than other courts have considered when dismissing a pro se plaintiff's case. *See Early v. Little Flower Child. & Fam. Serv. of N.Y.*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncompliance amounted to pro se plaintiff's abandonment of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pursuant to Rule 41(b) after four months of noncompliance); *Peters v. Dep't of Corr.*, 306 F.R.D. 147, 149 (S.D.N.Y. 2015) (dismissing pursuant to Rule 41(b) after two months of pro se plaintiff's failure to respond to an order to show cause why the case should not be dismissed); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing pursuant to Rule 41(b) where pro se plaintiff was noncompliant for eight months).

Second, Plaintiff has received notice multiple times that further delay on his part may result in dismissal. (*See* Dkt. Nos. 26, 40, 42.) *See Fang v. Mayorkas*, No. 23-CV-290, 2023

WL 5625475, at *2 (E.D.N.Y. Aug. 31, 2023) (noting that failure to respond to the courts notices is sufficient to support dismissal).

Third, Plaintiff's delay has prejudiced Defendants. Prejudice to a defendant is presumed where, as here, "a plaintiff's delay is 'lengthy and inexcusable.'" *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025) (citing *Drake*, 375 F.3d at 254); *Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2025 WL 1194566, at *3 (S.D.N.Y. Apr. 22, 2025) (noting in evaluating this factor that courts are sensitive to the financial and time-related costs further delay imposes on defendants). To the extent it could be argued that Plaintiff's participation in a rehabilitation program renders his delay excusable, though Plaintiff has not made such an argument, the Court has found no caselaw on this point, and Plaintiff has not asserted that his participation is involuntary or of a nature that would render his delay excusable. Further, "[D]efendants . . . are likely to be prejudiced by this delay, as witness memories fade." *Santana v. Doe*, No. 21-CV-4720, 2023 WL 1490547, at *2 (S.D.N.Y. Feb. 3, 2023), *report and recommendation adopted sub nom. Santana v. Rhaman*, 2023 WL 3736446 (S.D.N.Y. May 31, 2023). Thus, the third factor weighs in favor of dismissal, albeit not strongly given the open question of whether Plaintiff's delay could be excused.

Fourth, while this particular case has not congested the Court's calendar, "dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1. "Further, dismissal is appropriate where a plaintiff fails to comply with the Court's directives . . . ." *Matos v. Discovery Commc'n, LLC*, No. 23-CV-2218, 2025 WL 623619, at *2 (S.D.N.Y. Feb 26, 2025) (citing *Pepe*, 2025 WL 370964, at *2 (finding that a pro se plaintiff's failure to comply with orders weighed in favor of dismissal)). Plaintiff states he is in a "long-term

rehabilitation program" that "limits [his] ability to engage fully in legal proceedings at this time." (*See* Dkt. No. 39 at 3.)  While the Court is sympathetic to Plaintiff's situation, it has provided him multiple extensions to Court-ordered deadlines so that he may secure representation.  (*See, e.g.*, Dkt. Nos. 40, 42.)  "District [c]ourts must also diligently manage their dockets and 'cannot indefinitely wait' for a plaintiff to again focus on prosecuting a case."  *Salaam v. City of New York*, No. 21-CV-3172, 2022 WL 2329855, at *3 (E.D.N.Y. Apr. 5, 2022) (quoting *O'Rourke v. Nirvana*, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020)), *report and recommendation adopted*, 2022 WL 2316183 (E.D.N.Y. June 28, 2022).  The Court finds that Plaintiff's participation in the rehabilitation program serves as an "acknowledge[ment] that he has neither the time nor capability to effectively prosecute this case."  *Lynch v. Hanley*, No. 21-CV-25, 2023 WL 4763941, at *5 (N.D.N.Y. July 26, 2023).  Accordingly, this factor also weighs in favor of dismissal.

Finally, the Court has adequately considered sanctions less drastic than dismissal and found them wanting.  *See Pepe*, 2025 WL 370964, at *2 (noting that courts must consider the possibility of a less drastic sanction than dismissal).  More to the point, where "a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter."  *Salaam*, 2022 WL 2329855, at *3 (citing *Ruzsa*, 520 F.3d at 177).  And the Court has previously considered lesser sanctions—repeated past extensions and warnings "of the risk of not engaging with the case" have served as "less severe measures aimed at securing [Plaintiff's] compliance and attention to the case."  *Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2025 WL 1194566, at *4 (S.D.N.Y. Apr. 22, 2025).  In short, the Court has repeatedly granted Plaintiff leniency to respond to Defendants and secure representation.  Plaintiff has done neither.  This factor weighs in favor of dismissal.

III.  Conclusion

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss for failure to prosecute without prejudice.  *See Washington v. Morley*, No. 21-CV-7159, 2025 WL 623618, at \*3 (S.D.N.Y. Feb. 26, 2025) (dismissing case for failure to prosecute where the plaintiff had failed to amend their complaint or communicate with the court at all in several months); *Smith v. Westchester Cnty.*, No. 19-CV-1283, 2020 WL 883332, at \*2 (S.D.N.Y. Feb. 24, 2020) (dismissing case for failure to prosecute after the plaintiff had been given several opportunities to file an amended complaint and failed to communicate with the court in any way).  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 35 and close the case.

SO ORDERED.

Dated:     July 24, 2025
           White Plains, New York

_____
KENNETH M. KARAS
United States District Judge